## SUCCESSION OF HOA.

A husband, who leaves a legitimate child, can give to his wife by donation *mortis causa,* but one-tenth of his estate in full property or the usufruct of one-fifth. C. C. 1739. Where he makes a donation of a larger share, it must be reduced to the disposable portion.

APPEAL from the Court of Probates of New Orleans, *Bermudez,* J. The deceased, by an olographic will, bequeathed one-half of his property to his wife, and the other half to his only child, the issue of the marriage. On an opposition by the under-tutor of the minor heir, the Court of Probates reduced the bequest in favor of the wife to one-tenth of the estate. From this judgment she appealed.

*A. Mazureau,* for the appellant. The disposable portion in favor of the wife is fixed by art. 1480 of the Civil Code Art. 1739 does not apply to this case, but only to dispositions *inter vivos* by marriage contract, or during marriage, made when the donor had either no children, or was ignorant of the number he would leave. It was intended to protect children born after the donation. The provision of art. 1746 of the Civil Code of this State, which is peculiar to our Code, no similar article being found in the Code Napoleon, shows that there is a wide difference between the French and Louisiana law on this subject, and that the opinions of French commentators are entitled to but little weight.

*St. Paul,* on the same side.

*Grima,* contrâ, cited Bousquet, Explic. du Code Civ., vol. 3, p. 173. 5 Toullier, Nos. 869, 871 *bis.* 9 Duranton, Nos. 787 to 794. Maleville, Analyse du Droit Civil, vol. 2, pp. 470, 472. Vazeille, Des Successions, vol. 3, p. 325, §1; p. 327, §5. Grenier, Des Donations, vol. 2, §449, 451. Jurisprud. du Code Civil, vol. 11, pp. 335 to 337.

The judgment of the court was pronounced by

ROST, J. A few hours before his death, *Albert Hoa* made his olographic will, in these words : " Ceci est mon testament olographe. Je laisse la moitié

---

* The judgment below was for $204 21. It was signed on the 11th of April, 1845. No interest was allowed by it.

SUCCESSION
OF HOA.

de mes biens à ma femme, *Anaïs Plicque*, et l'autre moitié à mon fils *Edmond Hoa*. Le tout daté, éerit et signé ce 14 Février, 1844."

His widow, *Anaïs Plicque*, having been appointed dative testamentary executrix, proceeded to administer the estate, and in the final account of her administration, rendered before the Court of Probates, she credited herself with one-half of the property composing the succession of her late husband, under the disposition of the will in her favor.

The under-tutor of the minor heir opposed this item of the account, on the ground that the disposition exceeds the disposable portion, and that, under the provisions of the laws which regulate donations between married persons, the wife can only receive one-fifth in usufruct, or one-tenth in full property, of the succession of her husband. The Court of Probates maintained the opposition, and *Anaïs Hoa* appealed.

The first part of art. 1739 of the Civil Code provides that, one of the married couple may, either by marriage contraet or during marriage, in case of his or her leaving no children, or legitimate descendants, give to the other, in full property, all that he or she might give to a stranger. This disposition clearly embraces all donations, whether *inter vivos* or *mortis causa*, without any reference to the time they are made, and limits the capacity of the husband to give to his wife all that he might give to a stranger, to the single case in which he leaves no legitimate children or descendants.

If he does, therefore, leave legitimate issue, the portion of which he can dispose in favor of his wife, is less than he might give to a stranger; and the second part of art. 1739 determines what he may give her in all cases, that is to say, one-tenth in full property, or one-fifth in usufruct.

The third chapter of the third book of the Civil Code, beginning with 1480, on which the appellant relies, establishes the general principles which regulate the transmission of property by dispositions *inter vivos* and *mortis causa*, and the reduction of those donations in cases of excess. The 9th chapter of the same book, containing art. 1739, regulates the transmission of propertp between married persons by the same means. This is an exception to the general rule laid down in chapter 3d; it forms a separate branch of legislation for dispositions between husband and wife ; and the intention of the lawgiver to establish a peculiar rule applicable to them alone, and to make that rule invariably the same in all cases, when there is issue, cannot be mistaken. Under dispositions of the Code of France, differing from those of ours only as to the amount of the disposable portion, the eourts of that country have come to the same conclusion, and all the French commentators within our reach acquiesce in the correctness of their decisions. Jurisprudence du C. C., vol. 11, p. 335 and 337. Toullier, vol. 5, Nos. 869, 871 and 871 *bis*. Bousquet, Exposition du C. C., vol. 3, p. 175. Duranton, vol. 9, § 787 to 794. Maleville, Analyse du Droit Civil, vol. 2, p. 470, 472.

It is alleged that art. 1746 of our Code is not found in the Code of France, and that it establishes a material difference between the laws of the two countries. We do not feel the force of this argument, but believe, on the contrary, that the enactment of this article strengthens the position taken by the under-tutor. The legislature in providing that, when a wife marries a second time all donations made to her by her first husband inure to the benefit of his children, the mother retaining only the usufruct, was prompted by the same motives which induced it to adopt art. 1739. Second marriages, being of frequent

SUCCESSION occurrence in Louisiana, the object of the law-giver in both instances was to
OF HOA. place the rights of the children of the first marriage beyond the reach of ca-
price, or want of affection in their surviving parent. It may be thought that
he has gone too far; if so, he has erred on the safe side, and we are bound to
give effect to his intentions.

The Probate Court ordered the appellant to be placed on the tableau for one-
tenth, instead of one-half, of her husband's succession. She is entitled to one-
tenth in full property, or one-fifth in usufruct, and as, in case of a second mar-
riage, the last alternative would be much the most advantageous to her, she
should have been allowed to make her selection, and, in order to enable her to
do so, the cause must be remanded.

It is therefore ordered that the judgment be reversed, and the cause remand-
ed, with directions to the court of the first instance, to grant a delay of twelve
months from the registering of this decree to the appellant, to elect whether
she will receive one-tenth part of the succession of the late *Albert Hoa* in full
property, or one-fifth in usufruct; and that whenever said election is made,
judgment be entered in conformity therewith. It is further ordered and ad-
judged that the costs of this appeal be paid by the minor heir, *Edmond Hoa.*