BREAUX, J.
Plaintiff asks to have it decreed that the usufruct established by article 916 of the Civil Code in favor of the surviving spouse (the mother) of the community ends at the death of a child, on the share inherited by her from the portion of the community owned by the father at his death.
Plaintiff also asks that the widow in community be ordered to elect whether she claims or renounces her right of forced heirship on the property subject to this usufruct.
*97 The demand covers both plaintiff’s wife’s share in the community and her interest in the share of her predeceased brother.
The questions for decision are purely of law. We, none the less, state the facts leading up to the propositions involving legal principles:
Mrs. Johanna Antoinette Reems, the late wife of the plaintiff, was the daughter of defendant. She died childless in May, 1901, leaving a last will and testament bequeathing all her property to her husband, the plaintiff.
Her father, Philip W. Dielmann, had died intestate in January, 1897. Mrs. Mary Dielmann, his widow, was recognized in law as widow in community and usufructuary of her late husband’s share falling to the children, issue of the marriage. Pour children and plaintiff’s wife survived their father.
We have already stated that plaintiff’s wife died in 1901, and her brother Philip Dielmann died intestate after his father’s death. The assets of the community between Mr. and Mrs. Philip W. Dielmann were inventoried at $174,308.05 in movable and immovable property in New Orleans, and a piece of realty in Germany, which does not fall into the community.
The mother, Mrs. Mary Dielmann, is the forced heir in the ascending line of plaintiff’s wife, Mrs. Johanna Antoinette Reems, her daughter, and of her son Philip Dielmann, and is entitled to one-third of her daughter’s estate, who died leaving a will, and one-fourth of her son’s estate succession, who died without disposing of his property. The mother’s share in the community which existed between her and her late husband is one half of her own right. It becomes necessary for us to decide whether by the death of the daughter, who died testate, she lost her legal usufruct on the other half.
We do not think that the death of her daughter and the bequest of the latter to her husband, the plaintiff, is fatal to her rights as usufructuary.
The law granting the right to the surviving spouse provides as follows:
“In all cases, when the predeceased husband or wife shall have left issue of the marriage with the survivor, and shall not have disposed by last will and testament, of his or her share in the community property, the survivor shall hold a usufruct during his or her natural life, so much of the share of the deceased in such community property as may be inherited by such issue. This usufruct shall cease, however, whenever the survivor shall enter into a second marriage.” Article 916, Civ. Code.
The law has laid down that a second marriage of the usufructuary will cause the usufruct to cease. This is the only expressed provision looking to its termination prior to the death of the usufructuary.
We would be led by plaintiff’s construction to the conclusion, were we to adopt this construction, that this usufruct also ceases at the death of the heir, in favor of his legatee. The contention is here that the testamentary disposition in favor of the husband is subject to the exercise of a resolutory condition.
This condition (the resolutory), as we view it, is sought to be superadded by plaintiff to the article of the Code before cited. The letter of this article, or its spirit, as to that matter, gives no rise to the inference that the resolutory condition can be invoked when the heir dies, for the benefit of the legatee, and that he (the legatee) can recover the legacy free from the usufruct. The right to the usufruct is absolute, within conditions clearly laid down.
The change which may happen in the ownership of the property by reason of the death of the heir, upon whose property the usufruct rests, is not destructive of the right.
“The property passed burdened with the usufruct.” Boisse and Husband v. Dickson, Administratrix, 31 La. Ann. 753.
In support of the proposition that the usufruct falls by change of ownership, learned counsel for plaintiff refers to the following article of the Civil Code (article 1477):
“The minor, above sixteen can dispose only mortis causa. But he may dispose in this manner of the same amount as a person of full age can do, even to the prejudice of the usufruct granted by law during their marriage to the father and mother of the minor not emancipated; and the usufruct in that case will cease to the advantage of the person in whose favor the minor had disposed of it, if the minor dies, being still under the power of his father and mother; and to make such disposition the minor has no need of the authorization or concurrence of its curator.”
It would perhaps be best not to go beyond *99 that whicli is strictly necessary to decide this point, which is easily disposed of, as we think, by calling attention to the text limiting its effect entirely to minors eo nomine, minors above 16, and not to majors. We, none the less, will add that this article (No. 1477) embraces both father and mother, and that evidently it refers to article 223 of the Civil Code, which provides that “fathers and mothers shall have during marriage, the enjoyment of the estate of their children until their majority or emancipation,” and it does not refer to article 916, which embraces mothers or fathers, as entitled to the usufruct.
In the decision in Forstall v. Forstall, 28 La. Ann. 198, the facts were different from those of the case at bar. There was a will. Here, we have seen, there was no will. The wife had acquired property under the will. The court held that she was entitled to the legacy left her, but, in view of the will, she could not hold both the legacy and the usufruct, and enforced article 1493, regarding the disposable portion as to descendants, which has no application to the case before us, in which there is no question of reduction of the disposable portion.
In Succession of Hoa, 1 La. Ann. 142 (another decision cited by plaintiff), the issues came up on the opposition of the “minor heir on the ground that the disposition exceeds the disposable portion, and that, under the provisions of the laws which regulate donations between married persons, the wife can only receive one-fifth in usufruct, or one-tenth in full property, of the succession of her husband.”
This, again, involves the construction of the text of a will; thus eliminating from consideration article 916, first cited supra, applying exclusively to the father or mother when there is no will.
We have considered all the authorities cited in support of the position before stated, and have laid them down, thoroughly satisfied that the usufructuary has not lost her right to the usufruct; that it is a personal right to property, not destroyed by the death of its owner.
This brings us to the next proposition of plaintiff, setting forth her right to compel the defendant to elect whether she accepts or renounces her inheritance as mother of her daughter, the late wife of plaintiff, and of the late son. We are only concerned with the one question whether she can be ordered to accept or renounce the succession in question. Our learned Brother of the district court held that this issue should go to the court, Division B, for decision, as this court is charged with the-settlement of both successions. He dismissed plaintiff’s suit without prejudice to his right of action in Division B in the succession to-compel the defendant to elect, as before mentioned.
The usual allotment was made of the suit,, and it fell to Division A, presided over by our-learned Brother of that court. The parties did not object, and filed no plea to the jurisdiction of the court.
We think that Division A has jurisdiction to decide all the issues of the case. The circumstances here, we take it, show that the court has jurisdiction. There is no rule of the district court before us showing anything to-the contrary.
Before closing, we should mention that the-rule laid down here, as relates to the usufruct on the share inherited by Johanna AntoinetteReems, applies to the succession of Philip W. Dielmann, as relates to the rights of parties.
Something was said at bar about a partition, and that this action was also for a partition. This is not our view of the issues as presented. There is no prayer for a partition.
For reasons assigned, the judgment appealed from is amended to the length that defendant has not heretofore been ordered to accept or renounce the succession of Philip W. Dielmann and of Johanna Antoinette Dielmann, to the extent of her rights as forced heir; and the case is hereby remanded to the district court, Division A, for execution of this decree, by ordering defendant to elect whether she-accepts or renounces these successions, as an heir, as before mentioned. In all other respects the judgment appealed from is affirmed.
Defendant and appellee is condemned to pay the costs of appeal and those of the lower court.